IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

CIVIL NO. 1:19-cv-00149

MARCUS MITCHELL,                              )
                                             )
            Plaintiff,                        )
                                             )
    vs.                                       )
                                             )
MORTON COUNTY SHERIFF KYLE                    )
KIRCHMEIER, MORTON COUNTY, CITY               )   **CITY AND COUNTY DEFENDANTS'**
OF BISMARCK, MORTON COUNTY                    )   **ANSWER TO COMPLAINT AND**
SHERIFF'S DEPUTY GEORGE PIEHL,                )   **DEMAND FOR JURY TRIAL**
BISMARCK POLICE OFFICER TYLER                 )
WELK, NORTH DAKOTA HIGHWAY                    )
PATROL SERGEANT BENJAMIN                      )
KENNELLY, and JOHN DOES 1-2,                  )
                                             )
            Defendants.                       )
                                             )

          ***                ***                ***

COMES NOW Morton County Sheriff Kyle Kirchmeier, Morton County, City of Bismarck, Morton County Sheriff's Deputy George Piehl, and Bismarck Police Officer Tyler Welk, (hereinafter "City and County Defendants") and for their Answer to Plaintiff's Complaint, state and allege as follows:

1.     City and County Defendants deny each and every allegation, matter and thing in Plaintiff's Complaint, except that which is hereinafter admitted, qualified, or explained.

**INTRODUCTION**

2.     City and County Defendants deny the allegations in paragraph 1 of Plaintiff's Complaint.

1

3.      With respect to the allegations in paragraph 2 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information to either admit or deny Plaintiff's age or whether he was an enrolled member of any particular tribe on January 19, 2020. City and County Defendants deny the remaining allegations in paragraph 2 of Plaintiff's Complaint.

4.      With respect to the allegations in paragraph 3 of Plaintiff's Complaint, City and County Defendants admit Plaintiff was struck with a drag-stabilized bean bag round and that he was immediately detained and transported to the Sanford Medical Center in Bismarck for treatment.  City and County Defendants are without sufficient knowledge or information to either admit or deny the extent of Plaintiff's alleged injuries.

5.      With respect to the allegations in paragraph 4 of Plaintiff's Complaint, City and County Defendants are uncertain what is meant by "ancestral" or "treaty" lands.  City and County Defendants deny the pipeline passes through "ancestral" or "treaty" lands to the extent such allegation implies a claim of right by the Great Sioux Nation or any tribal subsidiary thereof to the lands upon which the pipeline passes north of the reservation as any such allegation would be contrary to established United States Supreme Court precedent on the subject.  City and County Defendants are without sufficient knowledge or information to either admit or deny the remainder of the allegations in paragraph 4 of Plaintiff's Complaint.

6.      City and County Defendants deny the allegations in paragraphs 5 and 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.      With respect to the allegations in paragraph 7 of Plaintiff's Complaint, City and County Defendants admit this Court has jurisdiction over Plaintiff's claims in this action.

8.      City and County Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

**PARTIES**

9.      City and County Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 9 of Plaintiff's Complaint.

10.      With respect to the allegations in paragraph 10 of Plaintiff's Complaint, City and County Defendants admit that all times relevant to this action, defendant Kirchmeier was the Sheriff of Morton County and the final policymaker for the Morton County Sheriff's Office. City and County Defendants deny the remainder of the allegations in paragraph 10 of Plaintiff's Complaint.

11.      City and County Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint.

12.      With respect to the allegations in paragraph 12 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information as to the identity of "John Doe 1" and are therefore unable to either admit or deny the allegations as to John Doe 1. City and County Defendants admit that defendant Piehl was at all times relevant to this action duly appointed and employed as a deputy with the Morton County Sheriff's Office and was acting under color of law. City and County Defendants are uncertain what is meant by "acted under the command of Defendant Kirchmeier and the Morton County Sheriff's Office to engage in the conduct further described in this Complaint", which is extremely vague in context, and is therefore denied.

13.      With respect to the allegations in paragraph 13 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information as to the identity of "John

Doe 2" and are therefore unable to either admit or deny the allegations as to John Doe 2.  City

and County Defendants admit that defendant Welk was at all times relevant to this action duly

appointed and employed with the Bismarck Police Department, and was acting under color of

law.  City and County Defendants are uncertain what is meant by "acted under the command of

Defendant Kirchmeier and the Morton County Sheriff's Office to engage in the conduct further

described in this Complaint", which is extremely vague in context, and is therefore denied.

14.     City and County Defendants admit the allegations in paragraph 14 of Plaintiff's

Complaint.

15.     With respect to the allegations in paragraph 15 of Plaintiff's Complaint, City and

County Defendants admit that defendant Kennelly was at all times relevant to this action duly

appointed by the North Dakota Highway Patrol.  City and County Defendants are uncertain what

is meant by "acted under the command of Defendant Kirchmeier and the Morton County

Sheriff's Office to engage in the conduct further described in this Complaint", which is

extremely vague in context, and is therefore denied.

## FACTUAL ALLEGATIONS

### Background to Marcus Mitchell's Presence in North Dakota

16.     With respect to the allegations in paragraph 16 of Plaintiff's Complaint, City and

County Defendants are without sufficient knowledge to either admit or deny when the DAPL

pipeline was first proposed, or its length, but admit the pipeline crosses beneath the Missouri

River a short distance north of the Standing Rock Sioux Reservation.  City and County

Defendants are uncertain what is meant by "ancestral" or "treaty" lands.  City and County

Defendants deny the pipeline passes through "ancestral" or "treaty" lands to the extent such

allegation implies a claim of right by the Great Sioux Nation or any tribal subsidiary thereof to

4

the lands upon which the pipeline passed north of the reservation as any such allegation would be contrary to established United States Supreme Court precedent on the subject.

17.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraphs 17 and 18 of Plaintiff's Complaint.

18.     With respect to the allegations in paragraph 19 of Plaintiff's Complaint, City and County Defendants admit that various members of the Standing Rock and Cheyenne River tribes publicly opposed construction of the pipeline.  City and County Defendants are without sufficient knowledge or information to either admit or deny the motivations for their opposition to the pipeline.  City and County Defendants deny any claim of right by the Great Sioux Nation or any tribal subsidiary thereof to the lands upon which the pipeline passes north of the reservation as any such allegation would be contrary to established United States Supreme Court precedent on the subject.  City and County Defendants deny the identified human rights treaties have any application, and Plaintiff has previously conceded to the district court in this action that no claim arising under the identified human rights treaties is being asserted in this action.

19.     With respect to the allegations in paragraph 20 of Plaintiff's Complaint, City and County Defendants deny the identified human rights treaties have any application, and Plaintiff has previously conceded to the district court in this action that no claim arising under the identified human rights treaties is being asserted in this action.

20.     With respect to the allegations in paragraph 21 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information to either admit or deny the motivations for opposition to the pipeline.  City and County Defendants deny any claim of right by the Great Sioux Nation or any tribal subsidiary thereof to the lands upon which the pipeline passes north of the reservation as any such allegation would be contrary to established United

States Supreme Court precedent on the subject. City and County Defendants deny the identified human rights treaties have any application, and Plaintiff has previously conceded to the district court in this action that no claim arising under the identified human rights treaties is being asserted in this action. City and County Defendants are without sufficient knowledge or information to either admit or deny whether the federal government failed to adequately or meaningfully consult the Standing Rock Sioux Tribe, or to obtain their consent. City and County Defendants are without sufficient knowledge as to whether any such consultation or consent was required.

21.    City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 22 of Plaintiff's Complaint.

22.    With respect to the allegations in paragraph 23 of Plaintiff's Complaint, City and County Defendants admit that in 2016, individuals calling themselves "water protectors" from across the United States came to North Dakota to protest against the pipeline, and that they made and occupied makeshift camps along the Cannonball River, and elsewhere. City and County Defendants are without sufficient knowledge or information to either admit or deny whether any or all of those individuals were "representatives" of indigenous nations, or as to their motivations for protesting against the pipeline.

23.    With respect to the allegations in paragraph 24 of Plaintiff's Complaint, City and County Defendants admit the central camp established by the protesters was called Oceti Sakowin. However, such camp was located east of North Dakota Highway 1806, not 180, and was located less than one mile south of the Backwater Bridge.

24.    With respect to the allegations in paragraph 25 of Plaintiff's Complaint, City and County Defendants admit Backwater Bridge (the "Bridge") is a public bridge, but assert the

Bridge was closed to all access at all relevant times herein.  City and County Defendants deny the Bridge is located on "unceded" lands to the extent such allegation implies a claim of right by the Great Sioux Nation or any tribal subsidiary thereof to the lands upon which the Bridge is located as any such allegation would be contrary to established United States Supreme Court precedent on the subject.  City and County Defendants deny the Bridge was the primary access point to the Oceti Sakowin camp as the Bridge was closed and barricaded at all relevant times herein.  Access to Oceti Sakowin camp was available from the south via North Dakota Highway 1806.

25.    With respect to the allegations in paragraph 26 of Plaintiff's Complaint, City and County Defendants admit many individuals protested peacefully against the pipeline, but deny the implication all protesters were peaceful and did not violate the law.

**Law Enforcements Response to DAPL Protests, Led By Morton County Sheriff Kirchmeier, Became Increasingly Aggressive and Militarized**

26.    City and County Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

27.    With respect to the allegations in paragraph 28 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information to either admit or deny specifically what occurred on September 3, 2016 as officers arrived after the alleged events at issue transpired.  The incident occurred in close vicinity to the pipeline project route and on private property.  City and County Defendants deny their response to protest activity became more aggressive after this date, and assert law enforcement merely tried to preserve the peace, health and safety of everyone involved through the enforcement of applicable laws.

28.     City and County Defendants admit the allegations in paragraph 29 of Plaintiff's Complaint.

29.     With respect to the allegations in paragraph 30 of Plaintiff's Complaint, City and County Defendants admit that on September 8, 2016, then North Dakota Governor Jack Dalrymple activated the North Dakota National Guard.  City and County Defendants admit the North Dakota National Guard and the North Dakota Highway Patrol were involved in differing ways during the pipeline protests.  Both the North Dakota National Guard and the North Dakota Highway Patrol had independent original jurisdiction to operate at all locations at issue in this lawsuit.  The allegation these organizations "began routinely assisting the Morton County Sheriff's Office in responding to the DAPL protests" is extremely vague in context, and is therefore denied.

30.     With respect to the allegations in paragraph 31 of Plaintiff's Complaint, City and County Defendants deny that the response to the DAPL protests was Sheriff Kirchmeiers or the Morton County Sheriff's Office's.  The remainder of the allegations in paragraph 31 are admitted.

31.     City and County Defendants deny the allegations in paragraphs 32 through 34 of Plaintiff's Complaint.

32.     With respect to the allegations in paragraph 35 of Plaintiff's Complaint, City and County Defendants admit that during a DAPL protest on October 22, 2016, law enforcement officers sprayed pepper spray to restore law and order, but deny firing rubber bullets.  City and County Defendants deny the law enforcement officers involved were under Sheriff Kirchmeier's command as he was not on the scene, law enforcement officers from numerous agencies were involved, and law enforcements response to ongoing protest activities were under a unified

8

command structure.  City and County Defendants are without sufficient knowledge or information to either admit or deny whether anyone experienced headaches or difficulty breathing.

33.     With respect to the allegations in paragraph 36 of Plaintiff's Complaint, City and County Defendants deny that on October 27, 2016, hundreds of law enforcement officers were involved in the operation to remove trespassing protesters from private property and to remove protester built barricades across North Dakota Highway 1806, all in the direct path of the pipeline project.  City and County Defendants admit law enforcement officers from multiple law enforcement agencies were involved in the operation to restore law and order.  City and County Defendants deny all law enforcement officers arrived in armored vehicles, but admit that due to protesters' failure to abide by lawful commands, acts of violence against law enforcement and others, and other protester actions resulting in serious risk to the lives and safety of everyone on the scene, less-lethal munitions were reasonably utilized.  City and County Defendants are without sufficient knowledge or information to either admit or deny whether alleged injuries were sustained.

34.     With respect to the allegations in paragraph 37 of Plaintiff's Complaint, City and County Defendants admit that on November 20-21, 2016, hundreds of protesters gathered on the closed to all access Backwater Bridge near law enforcement's blockade on North Dakota Highway 1806.  City and County Defendants admit law enforcement officers reasonably utilized water, chemical agents and less-lethal munitions to restore order during the riot and to prevent protesters from breaching the barricade during protesters' efforts to once again gain access to the DAPL drill pad site located a short distance to the north of this location.  City and County Defendants are without sufficient knowledge or information to admit or deny the injuries alleged.

9

City and County Defendants deny the remainder of the allegations in paragraph 37 of Plaintiff's Complaint.

35.     City and County Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

36.     City and County Defendants are without sufficient knowledge or information to either admit or deny the purported quotes alleged in paragraph 39 of Plaintiff's Complaint are accurate.  City and County Defendants deny utilizing "water cannons".

37.     City and County Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.   City and County Defendants deny the identified human rights treaties have any application, and Plaintiff has previously conceded to the district court in this action that no claim arising under the identified human rights treaties is being asserted in this action.

38.     City and County Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

**The Defendant Officers Attack on Marcus Mitchell**

39.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraphs 42 and 43 of Plaintiff's Complaint.

40.     With respect to the allegations in paragraph 44 of Plaintiff's Complaint, City and County Defendants admit that on January 18, 2017, and into the early morning hours of January 19, 2017, an unknown quantity of protesters gathered on the closed Backwater Bridge.  City and County Defendants admit that protesters engaged in protest against the pipeline.  City and County Defendants deny peaceful protest was the objective of all of the protesters during the incident.  City and County Defendants deny the actions of the protesters during the incident were peaceful, but instead constituted an unlawful riot.  Protesters:  attempted to flank law

enforcements' barricade from both the east and west; threw numerous dangerous weapons at law enforcement officers, including, but not limited to, burning logs, softball-sized ice chunks, frozen water bottles, a still-active CS gas canister, among other objects.  Protesters also repeatedly ignored law enforcement commands to remove themselves to a location south of the closed Backwater Bridge despite admonitions that failure to do so would result in their being subject to arrest.  Protesters wearing gas masks and what appeared to be bullet-proof vests, along with others, formed shield walls on the Backwater Bridge in defiance of law enforcement commands. By the time of Plaintiff's alleged injury, law enforcement had already engaged in at least two pushes to physically remove protesters from the closed Bridge, and had effectuated multiple arrests in the process.

  41. With respect to the allegations in paragraph 45 of Plaintiff's Complaint, City and County Defendants admit the identified officers were equipped with and discharged less-lethal 12 gauge shotguns during the January 18-19, 2017 riot to restore law and order and to effectuate arrests.   City and County Defendants deny officers were commanded to discharge their weapons.  Instead, each officer made a judgment call based upon their experience and training as to the necessity and level of force required under the totality of the circumstances presented. City and County Defendants deny Morton County issued any less lethal 12-gauge shotguns.

  42. City and County Defendants admit the allegations in paragraph 46 of Plaintiff's Complaint.

  43. City and County Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.  The North Dakota Highway Patrol has independent original jurisdiction at all locations at issue in this lawsuit.

44.     With respect to the allegations in paragraph 48 of Plaintiff's Complaint, City and County Defendants admit that Plaintiff came to the Backwater Bridge sometime on January 18 or 19, 2021, but are without sufficient knowledge or information to either admit or deny precisely when, or to admit or deny what Plaintiff heard.

45.     With respect to the allegations in paragraph 49 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information to either admit or deny what Plaintiff observed.

46.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 50 of Plaintiff's Complaint.

47.     With respect to the allegations in paragraph 51 of Plaintiff's Complaint, City and County Defendants admit Plaintiff was standing amongst other protesters, but deny he kept his hands above his head or that he was peaceful and law-abiding.  City and County Defendants deny the protesters were unarmed and peaceful.

48.     With respect to the allegations in paragraph 52 of Plaintiff's Complaint, City and County Defendants admit law enforcement attempted to apprehend identified "agitators" during the riot, in hopes such arrests would spur other lawbreaking protesters to remove themselves to the south of the Backwater Bridge.  City and County Defendants deny the remainder of the allegations in paragraph 52 of Plaintiff's Complaint.

49.     City and County Defendants deny the allegations in paragraphs 53 of Plaintiff's Complaint.

50.     With respect to the allegations in paragraphs 54 and 55 of Plaintiff's Complaint, City and County Defendants admit defendant Piehl shot a drag-stabilized bean bag round at Plaintiff's knee, and defendant Welk shot a drag-stabilized bean bag round at Plaintiff's mid-

section, both with 12 gauge less-lethal shotguns, and following a countdown. City and County Defendants deny such use of force was without justification. Plaintiff was engaged in criminal trespass, engaging in a riot, obstructing a government function, fleeing, and preventing arrest or discharge of other duties, among other crimes. City and County Defendants do not know who the John Doe defendants are, and therefore have insufficient knowledge or information to either admit or deny the allegations as against John Doe defendants.

51.     With respect to the allegations in paragraph 56 of Plaintiff's Complaint, City and County Defendants admit Plaintiff was struck in the face, but deny defendants Piehl and/or Welk deployed the subject drag-stabilized bean bag round. City and County Defendants are without sufficient knowledge or information to either admit or deny whether Plaintiff was struck in the leg or back of his head.

52.     With respect to the allegations in paragraph 57 of Plaintiff's Complaint, City and County Defendants deny the drag-stabilized bean bag round which entered Plaintiff's left eye socket was deployed by defendants Piehl or Welk. City and County Defendants are without sufficient knowledge or information to either admit or deny the injuries alleged by Plaintiff.

53.     City and County Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

54.     City and County Defendants are without sufficient knowledge of information to either admit or deny the allegations in paragraph 59 of Plaintiff's Complaint.

55.     With respect to the allegations in paragraph 60 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information to either admit or deny whether Plaintiff was unable to get up on his own after he had been handcuffed. City and County Defendants do not know what is meant by "tightly" and therefore deny the allegation.

City and County Defendants admit the remainder of the allegations in paragraph 60 of Plaintiff's Complaint.

56.     With respect to the allegations in paragraph 61 of Plaintiff's Complaint, City and County Defendants are without sufficient knowledge or information as to whether Plaintiff could see through the blood on his face.  City and County Defendants deny the remainder of the allegations in paragraph 61 of Plaintiff's Complaint.

57.     With respect to the allegations in paragraph 62 of Plaintiff's Complaint, City and County Defendants admit Plaintiff was transported by ambulance to Sanford Bismarck Medical Center, accompanied by Morton County Sheriff's deputies.  City and County Defendants are without sufficient knowledge or information to either admit or deny whether Plaintiff, upon arrival at the hospital, was able to walk on his own or see from his left eye, or whether Plaintiff feinted.  City and County Defendants admit Plaintiff was cuffed to his hospital bed.

58.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraphs 63 and 64 of Plaintiff's Complaint.

59.     With respect to the allegations in paragraph 65 of Plaintiff's Complaint, City and County Defendants deny law enforcement officers, in collusion with hospital staff, concealed Plaintiff's whereabouts.  City and County Defendants are without sufficient knowledge or information to either admit or deny the remainder of the allegations in paragraph 65 of Plaintiff's Complaint.

60.     With respect to the allegations in paragraph 66 of Plaintiff's Complaint, City and County Defendants deny any responsibility or wrongdoing in relation to Plaintiff's claimed injuries.  City and County Defendants are without sufficient knowledge or information to either admit or deny Plaintiff's alleged injuries.

61.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 67, other than to deny City and County Defendants are responsible for Plaintiff's alleged injuries.

62.     City and County Defendants admit the allegations in paragraph 68 of Plaintiff's Complaint.

63.     City and County Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

64.     With respect to the allegations in paragraph 70 of Plaintiff's Complaint, City and County Defendants admit the charges against Plaintiff were ultimately dismissed through a pretrial diversion agreement after conditions were successfully met.  City and County Defendants are without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 70 of Plaintiff's Complaint.

65.     City and County Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

66.     With respect to the allegations in paragraph 72 of Plaintiff's Complaint, City and County Defendants deny any wrongdoing or responsibility for Plaintiff's alleged injuries.  City and County Defendants are without sufficient knowledge or information to either admit or deny the remainder of the allegations in paragraph 72 of Plaintiff's Complaint.

**The Less-Lethal Weapons Used Against Mr. Mitchell and Other Water Protectors by the Morton County Sheriff's Office and the Other Law Enforcement Agencies Can Lead To Severe Injury And Death, Even When Properly Employed**

67.     City and County Defendants deny the allegations in paragraphs 73 and 74 of Plaintiff's Complaint.

68.     With respect to the allegations in paragraph 75 of Plaintiff's Complaint, City and County Defendants admit a purpose of less-lethal munitions is pain compliance.

69.     With respect to the allegations in paragraph 76 of Plaintiff's Complaint, City and County Defendants do not know what is meant by "bean bag pellets", and therefore deny the allegation.

70.     With respect to the allegations in paragraph 77 of Plaintiff's Complaint, legal conclusions are being requested for which a responsive pleading is not required.  City and County Defendants deny any less-lethal munitions were inappropriately or indiscriminately used by law enforcement officers.

71.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraphs 78 through 80 of Plaintiff's Complaint.

72.     City and County Defendants admit the allegations in paragraph 81 of Plaintiff's Complaint.

73.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraphs 82 through 84 of Plaintiff's Complaint.

74.     Paragraph 85 of Plaintiff's Complaint requests a legal conclusion for which no responsive pleading is required.

75.     City and County Defendants deny the allegations in paragraph 86 and 87 of Plaintiff's Complaint.

**The Morton County Sheriff's Office Has Policies, Practices and Long-standing Customs of Racially Discriminatory Policing**

76.     City and County Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

77.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 89 of Plaintiff's Complaint, but deny Defendants have a history of discriminating against or racially profiling individuals in Indigenous communities.

78.     City and County Defendants deny the allegations in paragraph 90 of Plaintiff's Complaint.

79.     With respect to the allegations in paragraph 91 of Plaintiff's Complaint, City and County Defendants admit that from approximately October 27, 2016 through mid-March of 2017, North Dakota officials maintained a reinforced barricade on North Dakota Highway 1806 and enforced a prohibition on all travel of any kind upon the Backwater Bridge.  The remainder of the allegations in paragraph 91 of Plaintiff's Complaint are denied.

80.     City and County Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

81.     City and County Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 93 of Plaintiff's Complaint.

## COUNT I – EXCESSIVE FORCE
**(Fourth Amendment Claim for Damages Under 42 U.S.C. § 1983 against Defendants Piehl, Welk and John Does 1-2)**

82.     With respect to the allegations contained in paragraph 94 of Plaintiff's Complaint, City and County Defendants re-allege all previous allegations and denials.

83.     City and County Defendants deny the allegations in paragraphs 95 through 98 of Plaintiff's Complaint.

## COUNT II – FREEDOM OF SPEECH AND ASSOCIATION
**(First Amendment Claim for Damages under 42 U.S.C. § 1983 against Defendants Piehl, Welk and John Does 1-2)**

84.    Plaintiff's claims alleged in Count II (paragraphs 99-104 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 99-104 of Plaintiff's Complaint are denied.

### COUNT III – FIRST AMENDMENT - RETALIATORY USE OF FORCE
**(First Amendment Claim for Damages under 42 U.S.C. § 1983 against Defendants Piehl, Welk and John Does 1-2)**

85.    Plaintiff's claims alleged in Count III (paragraphs 105-111 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 896-98 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 105-111 of Plaintiff's Complaint are denied.

### COUNT IV – FIRST AMENDMENT – RETALIATORY ARREST
**(First Amendment Claim for Damages under 42 U.S.C. § 1983 against Defendants Piehl, Welk and John Does 1-2)**

86.    Plaintiff's claims alleged in Count IV (paragraphs 112-118 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 896-98 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 112-118 of Plaintiff's Complaint are denied.

### COUNT V – CONSPIRACY

**(42 U.S.C. § 1983 Claim for Civil Conspiracy to Deprive Mr. Mitchell of His Civil Rights Against All Individual Defendants)**

87.     Plaintiff's claims alleged in Count V (paragraphs 119-126 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 119-126 of Plaintiff's Complaint are denied.

### COUNT VI – EQUAL PROTECTION
**(Fourteenth Amendment Claim for Damages Under 42 U.S.C. § 1983 Against Defendants Piehl, Welk and John Does 1-2)**

88.     Plaintiff's claims alleged in Count VI (paragraphs 127-131 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 127-131 of Plaintiff's Complaint are denied.

### COUNT VII – CONSPIRACY
**(42 U.S.C. § 1983 Claim for Racially-Motivated Civil Conspiracy Against All Individual Defendants)**

89.     Plaintiff's claims alleged in Count VII (paragraphs 132-139 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 132-139 of Plaintiff's Complaint are denied.

**COUNT VIII – FAILURE TO INTERVENE**
**(42 U.S.C. § 1983 Claim for Failure to Intervene Against Defendant Kennelly)**
With respect to the allegation in paragraph 140 of Plaintiff's Complaint, City and County

90.    Defendants re-allege all previous allegations and denials.

91.    The allegations in paragraphs 141 through 143 of Plaintiff's Complaint do not

pertain to City and County Defendants, and therefore no responsive pleading is required.  To the

extent a responsive pleading is required, the allegations in paragraphs 141 through 143 of

Plaintiff's Complaint are denied.

**COUNT IX – UNLAWFUL POLICY OR PRACTICE**
**(*Monell* Claim for Damages under 42 U.S.C. § 1983 Against Defendant Kirchmeier)**

92.    With respect to the allegations contained in paragraph 144 of Plaintiff's

Complaint, City and County Defendants re-allege all previous allegations and denials.

93.    City and County Defendants deny the allegations in paragraphs 145 through 153

of Plaintiff's Complaint.

**COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(State Law Claim Against All Individual Defendants)**

94.    Plaintiff's claims alleged in Count X (paragraphs 154-157 of Plaintiff's

Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United

States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this

claim.  (*Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022.)  Therefore, no responsive

pleading by City and County Defendants is required.  To the extent a responsive pleading is

required, the allegations in paragraphs 154-157 of Plaintiff's Complaint are denied.

**COUNT XI – RESPONDEAT SUPERIOR**
**(State Law Claim Against Defendants Morton County and City of Bismarck)**

95.    Plaintiff's claims alleged in Count XI (paragraphs 158-163 of Plaintiff's

Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United

States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim. (*Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 158-163 of Plaintiff's Complaint are denied.

## COUNT XII – INDEMNIFICATION
### (State Law Claim Against Defendants Morton County and City of Bismarck)

96.     Plaintiff's claims alleged in Count XII (paragraphs 164-167 of Plaintiff's Complaint) were dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of this claim. (*Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022.)  Therefore, no responsive pleading by City and County Defendants is required.  To the extent a responsive pleading is required, the allegations in paragraphs 164-167 of Plaintiff's Complaint are denied.

## REQUEST FOR RELIEF

97.     City and County Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's request for relief

## AFFIRMATIVE DEFENSES

98.     City and County Defendants re-allege all previous allegations and denials.

99.     The Plaintiff's Complaint fails to state a claim upon which relief may be granted as to City and County Defendants.

100.     Plaintiff lacks standing to assert any alleged violation of the rights of the Standing Rock Sioux Tribe or of any other person or entity.

101.     Plaintiff has or may have failed to include necessary and/or indispensable parties, without whom complete relief cannot be afforded.

102.    City and County Defendants specifically deny any fault, liability or wrongdoing whatsoever and allege that Plaintiff's claims against City and County Defendants are without any justification whatsoever.

103.    City and County Defendants allege that the acts or omissions of others over whom City and County Defendants had no responsibility or control were the sole proximate cause of Plaintiff's claims and damages, which bars Plaintiff's claims against City and County Defendants.

104.    That there has been a failure to mitigate damages by Plaintiff.

105.    City and County Defendants allege the injuries or damages allegedly suffered or incurred by the Plaintiff, if any, were not in the nature or to the extent alleged.

106.    City and County Defendants claim complete and/or qualified immunity from suit because, among other reasons, City and County Defendants acted in good faith, performed discretionary functions, acted in the scope of their employment and authority, and their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

107.    That City and County Defendants use of force at all times relevant was lawful, reasonable, and proportional to the situation at hand, and Plaintiff has not been deprived of any constitutional, civil, or other right.

108.    City and County Defendants claim, as an affirmative defense, a qualified or good faith immunity pursuant to *Gomez v. Toledo*, 446 U.S. 635 (1980), and other applicable law. City and County Defendants, in relation to the matters at issue in this case, at all times acted in good faith.

109.     City and County Defendants allege that all or part of the allegations in the Plaintiff's Complaint are barred by any applicable statute of limitations.

110.     Pending completion of discovery, City and County Defendants assert and incorporate by reference all affirmative defenses available pursuant to Rule 8, 9, and 12 of the Federal Rules of Civil Procedure.

**Plaintiff's state law claims against City and County Defendants were all dismissed by the district court on December 10, 2020 (doc. 38).  The United States Court of Appeals for the Eighth Circuit affirmed the district court's dismissal of these claims, deeming them to have been waived.  *Mitchell v. Kirchmeier*, 28 F.4th 888, 894, 903 (8th Cir. 2022).  City and County Defendants hereby preserve all state law defenses, including but not limited to the following, should it be determined any of Plaintiff's claims under State law remain in this case**.

111.     Plaintiff's allegations and claims under state law against City and County Defendants in their individual or personal capacities are not proper pursuant to the requirements of N.D.C.C. Chapter 32-12.1, and other applicable law, and said allegations otherwise fail to meet the heightened pleading requirements and other requirements under the aforesaid Chapter, and thus fail to state a claim upon which relief can be granted as to City and County Defendants in their individual or personal capacities.

112.     That Plaintiff's fault, wrongdoing, and/or illegal acts are the sole and proximate cause of Plaintiff's claimed damages, which bars Plaintiff's claims against City and County Defendants.  In the alternative, Plaintiff's fault, wrongdoing, and/or illegality exceeds the fault of City and County Defendants, if any be shown, and Plaintiff's claims are therefore barred or reduced.

113.    City and County Defendants claim immunity pursuant to the relevant provisions of Chapter 32-12.1 of the North Dakota Century Code and other applicable law governing immunity of political subdivisions, political subdivision employees, police officers and law enforcement entities, including, but not limited to, public duty doctrine immunity.

114.    City and County Defendants claim immunity pursuant to the North Dakota Disaster Act of 1985, codified at N.D.C.C. ch. 37-17.1, including but not limited to Section 37-17.1-16.

115.    City and County Defendants claim immunity for justified use of force pursuant to N.D.C.C. ch. 12.1-05, including but not limited to Section 12.1-05-07.2.

WHEREFORE, City and County Defendants requests the Plaintiff's Complaint against them be in all things dismissed; that City and County Defendants recover their costs, disbursements and attorney's fees herein; and that the Court award such other relief as the Court may deem just and proper.

CITY AND COUNTY DEFENDANTS HEREBY DEMAND A JURY OF THE MAXIMUM SIZE ALLOWED BY LAW ON ALL ISSUES TRIABLE BY A JURY.

Dated this 22nd day of April, 2022.

                                        BAKKE GRINOLDS WIEDERHOLT


                                        By:    */s/ Shawn A. Grinolds*
                                                Randall J. Bakke (#03898)
                                                Shawn A. Grinolds (#05407)
                                                Bradley N. Wiederholt (#06354)
                                                Grant T. Bakke (#09106)
                                                Special Assistant State's Attorneys for Morton County
                                                300 West Century Avenue
                                                P.O. Box 4247
                                                Bismarck, ND 58502-4247
                                                (701) 751-8188

24

rbakke@bgwattorneys.com
sgrinolds@bgwattorneys.com
bwiederholt@bgwattorneys.com
gbakke@bgwattorneys.com

Attorneys for Defendants Morton County
Sheriff Kyle Kirchmeier, Morton County,
City of Bismarck, Morton County Sheriff's
Deputy George Piehl, and Bismarck Police
Officer Tyler Welk

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, a true and correct copy of the foregoing **CITY AND COUNTY DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** was filed electronically with the Clerk of Court through ECF.

ATTORNEYS FOR PLAINTIFF:

Shelia A. Bedi
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-1271
Sheila.bedi@law.northwestern.edu
vanessa.delvalle@law.northwestern.edu

Lawrence Edward Chacon
Lawrence E. Chacon Attorney At Law
826 5th St. NW
Albuquerque, NM 87102
(505) 243-0098
lawchacon@comcast.com

Shubra Ohri
Roderick & Solange MacArthur Justice Center
906 Olive St., Suite 420
Saint Louis, MO 63101
(314) 254-8410
Shubra.ohri@macarthujustice.org

ATTORNEYS FOR DEFENDANT NORTH DAKOTA HIGHWAY PATROL SERGEANT BENJAMIN KENNELLY:

Matthew A. Sagsveen
Solicitor General
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
(701) 328-3640
masagsve@nd.gov

James E. Nicolai
Deputy Solicitor General
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
(701) 328-3640
jnicolai@nd.gov

By: *   /s/ Shawn A. Grinolds*
         SHAWN A. GRINOLDS